CLERK'S OFFICE
U.S. DISTRICT COURT
AT ROANOKE, VA
FILED
April 14, 2025
LAURA A. AUSTIN, CLERK
BY: s/ M.Poff, Deputy Clerk

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **MUNIR-IBN SAMI: ABDUSSALAAM,** ) | |
| Petitioner, ) | Civil Action No. 7:24cv381 |
| ) | |
| v. ) | MEMORANDUM OPINION |
| ) | |
| **COMMONWEALTH OF VIRGINIA, et al.,** ) | By: Robert S. Ballou |
| Respondents. ) | United States District Judge |

Petitioner Munir-Ibn Sami: Abdussalaam, a Virginia inmate proceeding *pro se*, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, alleging that he has been falsely arrested for a charge of failure to appear and held without the opportunity for bail. Upon preliminary review of his petition, petitioner has failed to state a cognizable claim for habeas relief in his petition.

## I. BACKGROUND

Abdussalaam alleges that he is being detained in the Amherst County Adult Detention Center on a charge of failure to appear, for which he was allegedly falsely arrested and has been denied the opportunity for bail. He does not state the date of his arrest nor the court where his charges are or were pending. Using the Case Status and Information section of Virginia's Judicial System online, two charges for failure to appear were found in Petitioner's name in Appomattox General District Court, one of which was a summons that was dismissed on March 27, 2024. The other showed an arrest date of May 29, 2024, findings under advisement on June 5, 2024 (the same date the petition was received in the District Court for the Eastern District of Virginia), and a disposition of guilty finalized on June 12, 2004. Neither was appealed to the Circuit Court, much less to the Supreme Court of Virginia, the highest court of the state.

In response to "Did you appeal the decision, file a grievance, or seek an administrative remedy?" he responded yes and identified the Amherst County Adult Detention Center as the place in which he filed his grievance. He states that the issues he raised were: False arrest; the charge violates "all the constitutional, human, inalienable rights;" Article III of the Constitution does not grant power to inferior courts, thereby limiting their authority to enforce statutes without consent; and "they act administratively rather than judicially in pushing statutes without proper jurisdiction." Pet., p.3, ¶ 7. No outcome of the grievance nor further appeal is indicated.

He filed the current habeas petition alleging the following grounds:

1. Article III of the Constitution does not grant power to inferior courts, limiting their authority to enforce statutes without consent; they act administratively rather than judicially in pushing statutes without proper jurisdiction.

2. The Constitution grants the inferior court only two jurisdictions: One under common law requires an injured party, and the other involving some form of admiralty contract. The petitioner urges that he has already provided notices asserting his status as a free private individual and rebutted any minimal association, such as a birth certificate, SS number, or license. Therefore, no contract expressed or implied through some kind of minimal contact. Any contract to get out of their jail was all under duress, he feared for his life. No contract, in order to push your contract you need consent.

3. The charge of "Failure to Appear in Court," falls under statutory law generated by Congress. It is crucial to note that codes and statutes, while regulatory in nature, do not constitute actual law unless they align with constitutional provisions and are enforced with proper jurisdiction and consent. Any statute or code created by

     Congress must align with the constitutional framework. However, statutes and codes are regulatory measures that require consent to be enforced. Without the explicit consent of the individual, these statutes cannot override the inherent rights protected by the Constitution.

4. The Madrid Treaty, designed to protect the rights of foreign nationals, is violated when inferior courts falsely arrest individuals who are not U.S. citizens. Such actions demonstrate a clear overreach of their jurisdiction. The Ninth Amendment ensures that individuals have the right to freely leave and return to their country without obstruction. Without any consideration of the living Man rights, the inferior court has tried to presume that I am a U.S. citizen that is under their jurisdiction. Enforcing a failure to appear charge without the individual's consent or proper jurisdiction violates this principle by imposing penalties without due process, in violation of the Fifth and Fourteenth Amendments.

## II. Discussion

As applicable to this petition, the federal court has jurisdiction only to determine whether Abdussalaam is in state "custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court may not grant habeas relief, however, if the petitioner has alternative remedies available that should be exhausted before the intervention of a federal court. *Timms v. Johns*, 627 F.3d 525, 531 (4th Cir. 2010). The United States Supreme Court rejected a habeas challenge to a trial court's denial of bail because habeas relief should be withheld if an adequate remedy available in the criminal proceeding has not been exhausted. *Stack v. Boyle*, 342 U.S. 1, 6–7 (1951). To exhaust one's remedies in state court, the petitioner must pursue any state remedy that is available.

Under Virginia law, "Any bail decision made by a judge of a court may be appealed successively by the person to the next higher court, up to and including the Supreme Court of Virginia, where permitted by law." Va. Code § 19.2-124.  Because Abdussalaam did not pursue the available state appeals, he failed to exhaust his remedies.  Although the court cannot grant habeas relief when the claims have not been properly exhausted, if the claims are clearly meritless, the court can deny the petition on the merits.  *See Rhines v. Weber*, 544 U.S. 269, 277 (2005).  This is such a case.

The constitutional provisions cited by Abdussalaam do not stand for or state the legal propositions he asserts.  Rather, by references to Admiralty law, contracts, and commercial surety transactions (Pet. at 9), his claims sound like those made by followers of the sovereign citizen movement, which have been rejected by this court and others across the country.  *See, e.g., Rosser v. Carson*, No. 7:19CV00156, 2019 WL 1474009, at *2 (W.D. Va. April 3, 2019); *Rejuney v. Chesapeake Circuit Court,* No. 3:16CV194-HEH, 2016 WL 5402217, at *3 (E.D. Va. Sept. 26, 2016); *United States v. White*, 480 F. App'x 193, 194 (4th Cir. 2012); *United States v. Schneider*, 910 F.2d 1569, 1570 (7th Cir. 1990); *United States v. Jagim*, 978 F.2d 1032, 1036 (8th Cir. 1992).  Abdussalaam need not be a citizen of the United States to be subject to prosecution for violation of the country's laws while he is present here.  His presence alone is sufficient to confer jurisdiction in the courts.  He has not stated any facts to support his conclusory claims of the presence of a federal constitutional violation.

### III. Conclusion

For the reasons stated, I will summarily dismiss Abdussalaam's petition.  Finding that he has failed to make a substantial showing of the denial of a constitutional right, I will further deny a certificate of appealability.

A separate Final Order will be entered this day.

                                      Enter:  April 14, 2025

                                      */s/ Robert S. Ballou*

                                      Robert S. Ballou
                                      United States District Judge